[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-12389
Non-Argument Calendar

_____

D. C. Docket No. 2:06-cr-00017-WKW-SRW-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARD SHEPARD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(August 8, 2012)

Before MARCUS, MARTIN and EDMONDSON, Circuit Judges.

PER CURIAM:

Richard Shepard appeals his convictions for possession with intent to distribute

crack cocaine and powder cocaine, in violation of 21 U.S.C. § 841(a)(1), and for carrying or possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). No reversible error has been shown; we affirm.

Briefly stated, Shepard argues that the district court abused its discretion by denying his motion for mistrial following the prosecutor's remark during closing argument that Shepard had a thousand dollars but no job. He contends that the prosecutor's remark violated his rights to a fair trial because it destroyed the assumption that Shepard legally obtained the money found with the drugs in this case. In addition, Shepard asserts that the remark violated his rights against self-incrimination because it was essentially a comment on his failure to testify at trial.

Allegations of prosecutorial misconduct present mixed questions of fact and law that are reviewed de novo. United States v. Noriega, 117 F.3d 1206, 1218 (11th Cir. 1997). Because the district court "is in the best position to evaluate the prejudicial effect of a statement," we review the district court's denial of a mistrial for an abuse of discretion. United States v. Newsome, 475 F.3d 1221, 1227 (11th Cir. 2007) (quotation omitted). For a claim of prosecutorial misconduct relating to the closing argument to be successful, the argument must both be improper and prejudice

a substantial right of the defendant.  United States v. Bailey, 123 F.3d 1381, 1400 (11th Cir. 1997).

In this case, the district court did not abuse its discretion by denying Shepard's motion for a mistrial.  During final closing argument, the prosecutor made this statement:

> We have 110 grams of crack cocaine in a bedroom with documents and pictures of Mr. Shepard.  We have 15.9 grams of cocaine powder, a gun.  We all know the evidence by now.  You need to apply your common sense and ask yourselves the questions why.  Do we think that somebody else actually went into his bedroom and planted $4,000 worth of crack cocaine?  Members of the jury, apply your common sense and it will tell you no.  He had a thousand dollars.  I don't -- to my knowledge, there's no job; but nevertheless he had a thousand dollars --

Although Shepard asserts that the connection between the money and the drugs was tenuous, it was, at the very least, reasonable for the jury to conclude that the money was related to the drugs.  The district court denied Shepard's motion for a mistrial; Shepard failed to rebut the presumption that the jury followed the court's instruction to disregard the prosecutor's comment regarding Shepard's lack of employment.  See United States v. Tampas, 493 F.3d 1291, 1302 (11th Cir. 2007) (holding that a curative instruction may render a prejudicial remark by the prosecutor harmless).

3

The prosecutor's comment also did not violate Shepard's right against self-incrimination. Although the prosecutor conceded that her remark was planned, it was not a deliberate attempt to call attention to the fact that Shepard did not testify. See United States v. Thompson, 422 F.3d 1285, 1299 (11th Cir. 2005) (stating that a prosecutor's statement violates the defendant's right to remain silent if it was "manifestly intended to be a comment on the defendant's failure to testify," and if the statement was of such a character that a jury would "naturally and necessarily" interpret it as a comment on the failure of the accused to testify). Instead, the prosecutor explained that, although she had intended to introduce evidence about Shepard's lack of employment at trial, she inadvertently had neglected to do so. The pertinent remark also was not of such a character that the jury would have interpreted it as a comment on Shepard's failure to testify. The court specifically instructed the jury on Shepard's right not to testify, making it even less likely that the prosecutor's remarks would have been interpreted as a comment on his failure to testify.

Accordingly, the district court did not abuse its discretion in denying Shepard's motion for a mistrial: the prosecutor's comment did not violate Shepard's substantive rights or constitute manifest injustice.

AFFIRMED.[*]

---

[*] Shepard's request for oral argument is DENIED.

4